IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RUSTY JACK REEDER | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv778 |
| CHUCK SUPERVILLE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Rusty Jack Reeder, confined in the Lamar County Jail, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the Hon. Chuck Superville, the Hon. Eric Clifford, Jennifer Gibo and the Lamar County Jail. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

## I.      BACKGROUND

The original complaint was filed on December 11, 2012.  The complaint form lists the four individual Defendants, above, and in the spaces designated for a brief description of the act(s) or omission(s) claimed to have harmed Plaintiff, each bears the simple statement, "Denied PR Bond while Plaintiff is under Duress." *See* Complaint at 3.  Plaintiff does not explain these statements in the Statement of Claim portion of the form complaint, but simply recites, "Please READ additional Letter which is included!!!" *Id*. at 4.  Attached to the complaint is a copy of an Inmate Grievance used in the Lamar County Jail and the Grievance Response thereto. *See* Complaint at attached pages

1

(PageID #9-10).  In addition, Plaintiff included a cover letter addressed to the Clerk of the Court for the United States District Court for the Northern District of Texas.  *See id*. at PageID #11-13.[1]

Piecing the operative facts and allegations together from these sources, Plaintiff is suing Lamar County District Judges Superville and Clifford, his assigned defense counsel Ms. Gibo, and the Lamar County Jail for failing to grant him a "PR Bond," presumably meaning a release on personal recognizance.  In the Inmate Grievance, Plaintiff complained to the Lamar County Jail grievance staff on December 5, 2012, that he was allegedly falsely arrested by "public servants" who wanted to cover up "their Computer manipulation, sabotage and setups at the Paris Junior College Library!!!"  Complaint at PageID #9.  He asserted he was arrested and placed in confinement at the Lamar County Jail on November 1, 2012.  *Id*.  He did not state the reason for his arrest and subsequent confinement in the Lamar County Jail; he did assert that he is innocent.  *Id*.  In the Inmate Grievance, he stated that he should be released on a "PR Bond" on that basis.  *Id*.

Plaintiff received a Grievance Reply from Lt. Waldrum[2] on the subject of "PR Bond" the same day, December 5, 2012.  *See* Complaint at PageID #10.  The lieutenant informed Plaintiff,

> You will have to speak with your attorney about a PR Bond or write the Judge.  I cannot approve it.

*Id*.  He then wrote the names and addresses of Judge Eric Clifford, Judge Chuck Superville and "Your Attorney" Jennifer Gibo.  *Id*.  This appears to be the genesis of the naming of the Defendants in this lawsuit.

It is unclear when Plaintiff spoke with counsel or appeared before a state judge in this case.

---

[1]     That Court transferred the lawsuit to the Eastern District of Texas, Sherman Division, on December 13, 2012.  *See* docket entry #5.

[2]     The handwriting is not entirely clear, but the last name appears to be "Waldrum."

His next apparent action was to prepare the instant lawsuit, with a cover letter repeating and expanding on the content of the Inmate Grievance, addressed to the Clerk of Court and dated also on December 5, 2012. *Id.* at 11-13. However, after complaining in that letter about the alleged personal bias against him and the alleged secret manipulation employed by the City of Paris, Texas, to "set ME up" with regard to his arrest, he stated, "But my Attorney; Judge Chuck Superville and the Lamar County Jail has required Excessive Bail, by NOT giving me a (PR Bond) for their Wrongful Classifications against ME." *Id.* at PageID #12 (parenthesis, emphasis and capitalization in original). He did not identify Judge Clifford at any point in his complaint except to name him a Defendant.

## II.     DISCUSSION AND ANALYSIS

By the terms of his complaint, Plaintiff has sued two Texas state judges, his defense counsel and the Lamar County Jail, all for having denied him a personal recognizance bond. However, by his recitation of factual allegations, he only alleges that Judge Superville, not Judge Clifford, actually denied him a bond. In fact, other than having been named as a Defendant and that his name appeared in Lt. Waldrum's Grievance Response as one of two judges Plaintiff could contact, Judge Clifford is not mentioned anywhere in the complaint.

Nonethless, to the extent that Plaintiff's complaint can be read to embrace both Judge Superville and Judge Clifford as denying him a personal recognizance bond, both are entitled to absolute judicial immunity. *See Malone v. Gallagher*, 285 Fed. Appx. 152, 153 (5th Cir. 2008) (district court dismissed claims that a state trial judge denied a personal recognizance bond under doctrine of judicial immunity; United State Court of Appeals for the Fifth Circuit dismissed appeal of that order and imposed three-strikes bar for a frivolous appeal). There are only two instances in

which judicial immunity does not apply: 1) when the judge was not acting in his judicial capacity; and 2) when the judge acted in complete absence of jurisdiction, even if the actions were judicial in nature. *See Green v. Mallia*, 2010 WL 4347592, at *2 (5th Cir. Nov. 1, 2010) (per curiam).  Plaintiff has not alleged either circumstance here.   He alleges that Judge Superville "has required Excessive Bail by NOT giving [him] a (PR Bond). . . ."  Therefore, he has alleged that Judge Superville acted in a judicial capacity, within his jurisdiction.  If he intended to allege the same action by Judge Clifford, the same result applies.  However, to the extent that he has not explicitly alleged the same as to Judge Clifford, instead of merely listing him as a Defendant as he has currently done, then he has not stated any claim against that judicial officer at all.  Federal Rule of Civil Procedure 8(a) requires that pleadings setting out a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief.  A short and plain statement of the claim is one that gives the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,  555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Under that reading, Plaintiff has not pleaded any allegations against Judge Clifford.  Both judges should be dismissed from this action.

Next, Plaintiff alleges that Ms. Gibo is his defense attorney, but he is also suing her for requiring excessive bail by not granting him a personal recognizance bond.  Of course, as his defense counsel, Ms. Gibo does not have the authority to grant any such bond or release on personal recognizance.  Regardless in any case, Ms. Gibo is not a legitimate subject for a 42 U.S.C. § 1983 lawsuit because she is not acting under color of law.  *See Malone*, *supra*, 285 Fed. Appx. at 152-53 (similar claims against court-appointed attorneys dismissed for failing to allege attorneys acted under color of state law).

Two elements are necessary for recovery in a § 1983 suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *Malone*, 285 Fed. Appx. at 152-53. Section 1983 does not cover claims against purely private parties and, therefore, does not constitute a cognizable federal claim. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

In his complaint, Plaintiff does not detail how he believes Ms. Gibo could be sued for her failure to grant him a personal recognizance bond, and he does not allege that she acted in any "conspiracy" with either of the judges or anybody else in an official capacity at the Lamar County Jail or in the court system. Even if he had alleged a conspiracy, he must prove an actual deprivation of a constitutional right. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). *See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 28 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (internal citations and quotations omitted), *vacated on other grounds and remanded*, 117 F.3d 1504 (5th Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1058, 118 S. Ct. 716, 139 L. Ed. 2d 656 (1998); *see also Scott v. Curry*, 46 Fed. Appx. 732, 732 (5th Cir. 2002) (unpublished opinion), *Decker v. McDonald*, 2010 WL 1424322, at *23 (E.D. Tex. Jan. 11, 2010). Here, Plaintiff has not alleged facts supporting an

inference that there was a conspiracy involving Ms. Gibo and any state actor that resulted in the violation of his rights under § 1983.  Therefore, Ms. Gibo cannot be considered to have been acting under color of law.  Thus, Plaintiff has not stated a claim against her upon which relief may be granted.

Finally, Plaintiff sued the Lamar County Jail.  However, in Texas, a county jail is not a jural entity subject to suing or being sued unless the county has taken explicit steps to grant the department with jural authority.  *See Walker v. Anderson*, 2012 WL 6044937, at *2 & n.11 (N.D. Tex. Dec. 5, 2012) (citing cases); *Coates v. Brazoria County Texas*, - - - F. Supp. 2d - - - -, 2012 WL 3930314, at *3 (S.D. Tex. Sept. 10, 2012) ("This requirement that a legislative body must have vested a public entity with jural authority has led district courts in Texas to find that the following public entities, among others, lack capacity to be sued: . . . a county sheriff's department and its detention services . . . .").  *See also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

The Court has found no authority suggesting that the Lamar County Jail has been granted jural authority to sue or be sued in its own right and Plaintiff has not alleged that it has been.  For that reason, Plaintiff's lawsuit against the Lamar County Jail should be dismissed. *Walker*, 2012 WL 6044937, at *2.

Because all four of the named Defendants should be dismissed, and no Defendant would remain to answer the lawsuit, Plaintiff's entire action should be dismissed.

## III.    RECOMMENDATION

It is therefore recommended that the Plaintiff's claims and lawsuit be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may

be granted.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 4th day of January, 2013.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

7